**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**LANDO CALRISSIAN KELLY**                                        **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:15-cv-72-HSO-JCG**

**STATE OF MISSISSIPPI**                                        **DEFENDANT**

**MEMORANDUN OPINION AND ORDER**
**DISMISSING PLAINTIFF'S COMPLAINT**

      This matter is before the Court, sua sponte, for consideration of dismissal.
Plaintiff Lando Calrissian Kelly was an inmate of the Mississippi Department of
Corrections (MDOC) incarcerated in the George-Greene County Regional
Correctional Facility, Lucedale, Mississippi, at the time he filed this *in forma
pauperis* Complaint [1] pursuant to 42 U.S.C. § 1983 on March 12, 2015.  Kelly
seeks monetary damages as relief.  Compl. [1] at 4.

      Having reviewed Kelly's Complaint [1], Responses [14, 16], and relevant legal
authority, the Court has determined that this civil action should be dismissed.

# I.  BACKGROUND

      Kelly states that on May 19, 2014, he was sentenced to a ten-year sentence
with eight years suspended and two years to serve in the custody of the MDOC.
Compl. [1] at 4, Resp. [14] at 1.  Kelly claims that his sentence should have been
credited with 210 days of trusty-time and 83 days of meritorious earned time which
would have resulted in him serving only six months.  *Id*.  Kelly alleges that he was
denied these time credits to his sentence and, therefore, was incarcerated in excess
of his sentence.  *Id*.  According to the Certificate of Parole attached to Plaintiff's

Response [16], he was released on parole on March 27, 2015.

## II.  <u>DISCUSSION</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis*, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Because Kelly filed this civil action while he was incarcerated and has been granted *in forma pauperis* status, § 1915(e)(2) applies to this case.  *See Ford v. Foti*, 2001 WL 845461, *1 n.1 (E.D. La. July 25, 2001) (citing *Gay v. Texas Dept. of Corr.*, 117 F.3d 240, 241 (5th Cir. 1997)) (finding that the Prison Litigation Reform Act of 1997 "attaches at the time of filing and is not changed by the fact that inmate is later released").

Kelly's claim that he should recover monetary damages for an allegedly unlawful period of incarceration because of an error in the calculation of his trusty time and meritorious earned time, *see* Compl. [1] at 4, Pl.'s Resp. [14] at 1, cannot be pursued as a § 1983 civil action until he satisfies the conditions set out in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), *see Whitehurst v. Jones*, 278 F. App'x 362, 363 (5th Cir. 2008) (holding that *Heck* applies to claims "that the denial of time credits unlawfully extended [a prisoner's] detention").  In *Heck*, the Supreme Court held that a 42 U.S.C. § 1983 claim for monetary damages which essentially challenges a Plaintiff's conviction or imprisonment is not cognizable until his conviction

2

or alleged unconstitutional imprisonment has been "reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* 512 U.S. at 486-87.  Kelly has failed

to demonstrate that his conviction or alleged unconstitutional imprisonment meets

the requirements set forth in *Heck*.  The Court finds that Kelly cannot maintain

these claims, and this civil action must be dismissed.  *See id.*

   A challenge concerning the fact or duration of confinement should be pursued

as a petition for habeas corpus relief.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500

(1973).  According to the Certificate of Parole attached to Plaintiff's Response [16],

Kelly was released on parole on March 27, 2015, and therefore, he meets the "in

custody" requirement of the habeas statute and will be able to pursue this matter in

a habeas action.  *See Fox v. Dutton*, 406 F.2d 123, 123 (5th Cir. 1968) (citing *Jones

v. Cunningham*, 371 U.S. 236, 243 (1963)) (stating that a state prisoner satisfies the

"in custody" habeas requirement as a result of being on parole for an unexpired

sentence).

   Even if Kelly is not serving parole because he has completed his criminal

sentence which is the subject of this civil action, and thus is no longer "in custody,"

the *Heck* bar still applies and Kelly cannot pursue a § 1983 action until the question

concerning the calculation of his sentence has been terminated in his favor.  *See

Black v. Hathaway*, 616 F. App'x 650, 652-54 (5th Cir. 2015), *cert. denied*, ___ U.S.

____, 2016 WL 280841 (Jan. 25, 2016) (affirming the district court's dismissal of a

§ 1983 complaint on the ground that the favorable-termination rule stated in *Heck* applies even when a plaintiff cannot meet the "in custody" requirement to file a habeas petition).  As previously pointed out by the Court, there are no allegations asserted by Kelly which establish that his sentence has been determined to have been incorrectly calculated.

In addition, or alternatively, Kelly cannot maintain the instant civil action for monetary damages against the State of Mississippi even if he were to meet *Heck*'s favorable-termination rule.  To maintain a civil action pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).  Because the State of Mississippi is not a "person" within the meaning of § 1983, *see Will v. Michigan Department of State Police*, 491 U.S. 58, 65–66 (1989), Plaintiff cannot maintain a § 1983 action against this Defendant.

### III.  CONCLUSION

Kelly cannot state a 42 U.S.C. § 1983 claim for monetary damages which essentially challenges his alleged unconstitutional imprisonment until the *Heck* requirements are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).  Thus, those claims will be dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  *See id.; Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck*-barred claims are legally frivolous).  In addition, or in the alternative, Kelly's claim against Defendant State

4

of Mississippi will be dismissed with prejudice because this Defendant is not a person acting under color of state law, as required to maintain a § 1983 civil action.

Because this case is dismissed in part as frivolous and for failure to state a claim, it will be counted as a "strike." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Hassler v. Carson Cty.*, 111 F. App'x 728, 730 (5th Cir. 2004) (holding that if the Plaintiff "was incarcerated at the time he filed the . . . complaint, the district court's dismissal of his complaint as frivolous counts as a 'strike' for purposes of 28 U.S.C. § 1915(g)"). If Kelly is returned to prison and receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal. *See* 28 U.S.C. § 1915(g); *Hassler*, 111 F. App'x at 730.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED**. The Court will enter a Final Judgment in accordance with this Memorandum Opinion and Order.

**SO ORDERED**, this the 7th day of March, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

5